IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 08 307 S

| | |
|---|---|
| SPERIAN WELDING PROTECTION AG,<br>Plaintiff,<br>v.<br>SELLSTROM MANUFACTURING COMPANY<br>Defendant. | Case No.<br><br>Judge:<br>Magistrate Judge:<br><br>**Jury Trial Demanded** |

**COMPLAINT AND JURY DEMAND**

1. Plaintiff, Sperian Welding Protection AG ("Sperian"), complains of Defendant Sellstrom Manufacturing Company ("Sellstrom"), as follows:

**THE PARTIES**

2. Plaintiff Sperian Welding Protection AG is a corporation duly organized and existing under the laws of Switzerland and having a principal place of business at Industriestrasse 2, CH-9630 Wattwil, Switzerland. Sperian manufactures and sells a variety of safety and protection products, including welding helmets and auto darkening filters of the type at issue in this case.

3. Plaintiff Sperian distributes its products in the United States through its affiliate, Sperian Protection Americas, Inc., which is a Delaware corporation with a principal place of business at 900 Douglas Pike, Smithfield, Rhode Island 02917.

4. Defendant Sellstrom Manufacturing Company is a corporation duly organized and existing under the laws of the state of Illinois and having a principal place of business at 1 Sellstrom Drive, Palatine, Illinois 60067. Sellstrom manufactures safety and protection products, including welding helmets and auto darkening filters. Sellstrom markets and sells these products throughout the United States, including in this judicial district.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §271 *et. seq.*

6. Exclusive original jurisdiction over the subject matter of this action is conferred on this Court pursuant to 28 U.S.C. §§1331 and 1338(a).

7. Defendant Sellstrom regularly conducts business, and has committed acts of infringement in this district. This Court therefore has personal jurisdiction over Sellstrom.

8. Venue in this district is proper pursuant to 28 U.S.C. §§1391(b), (c) and (d), and 1400(b).

**COUNT 1: PATENT INFRINGEMENT**

9. Paragraphs 1-8 set forth above are incorporated by reference as though set forth here in full.

10. Plaintiff Sperian is the sole owner of U.S. Patent No. 5,320,815 (the "815 Patent"), entitled "Light Protection Apparatus Comprising an Electrically Controllable Light Protection Filter Element," which issued on April 12, 1994.

11. Plaintiff Sperian manufactures welding helmets and auto darkening filters covered by the 815 Patent. Sperian Protection Americas, Inc. distributes those products in the United States.

12. Defendant Sellstrom has infringed and is continuing to infringe the 815 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, welding helmets and/or auto darkening filters, including without limitation, the "Striker Fixed Shade 11," "Striker Variable Shade 9-13," and "Impulse Ultra Touch," that are encompassed by claims of the 815 Patent, by inducing others to infringe the 815 Patent, and/or by contributing to others' infringement of the 815 Patent. On information and belief, Sellstrom will continue to infringe the 815 Patent unless and until enjoined by this Court.

13. Defendant Sellstrom had prior knowledge of the 815 Patent, and therefore, on information and belief, has infringed the 815 Patent willfully, deliberately, and with objective recklessness, thereby rendering this case exceptional under the United States patent laws.

## JURY DEMAND

Plaintiff Sperian demands a trial by jury of all issues so triable, pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sperian prays that this Court grant the following relief and judgment:

A. A finding and judgment that Defendant Sellstrom has infringed the 815 Patent;

B. Preliminary and permanent injunctions against Defendant Sellstrom, its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of such injunctions, from infringing, contributing to the infringement of, or inducing infringement of the 815 Patent, as well as all further and proper relief under 35 U.S.C. §283;

C. An accounting of damages sustained by Plaintiff Sperian by reason of Defendant Sellstrom's infringement of the 815 Patent, including, but not limited to, Plaintiff Sperian's lost profits, together with interest thereon, such damages to be trebled pursuant to 35 U.S.C. §284;

D. An award to Plaintiff Sperian (and assessment against Defendant Sellstrom) of Sperian's costs, disbursements and attorneys' fees for this action, including but not limited to those pursuant to 35 U.S.C. §285; and

E. Such further relief as this Court deems just and appropriate.

Respectfully submitted,

SPERIAN WELDING PROTECTION AG

Dated: August 13, 2008

William R. Grimm, Esq. (#1938)
Mitchell R. Edwards, Esq. (#6942)
Hinckley Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
Telephone: (401) 274-2000
Facsimile: (401) 277-9600

Of Counsel:

William P. Berridge, Esq.
John W. O'Meara, Esq.
OLIFF & BERRIDGE, PLC
277 South Washington Street
Suite 500
Alexandria, Virginia 22314
Telephone: (703) 836-6400
Facsimile: (703) 836-2787

Attorneys for Plaintiff
Sperian Welding Protection AG

#917212v1